UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:13-CV-00024-FDW

| | |
|---|---|
| PATRICIA STRICLAND McLAWHORN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>    Defendant. | **ORDER** |

**THIS MATTER** is before the Court upon Plaintiff Patricia Stricland McLawhorn's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 9), filed on November 22, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("Defendant's") Motion for Summary Judgment, (Doc. No. 11), filed on January 21, 2014. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Administrative Law Judge's ("ALJ's") decision is AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") and for supplemental security income ("SSI") on March 24, 2010 alleging a disability onset date of July 1, 2003. (Doc. No. 8-3). After Plaintiff's claims were denied and denied again

upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Doc. No. 8-3). During the hearing on January 19, 2012, Plaintiff amended her alleged disability onset date to October 7, 2008. (Tr. 60). On March 8, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. (Doc. No. 8-3). Plaintiff requested review of the ALJ's decision by the Appeals Council. (Tr. 1). The Appeals Council denied Plaintiff's request for review on April 29, 2013. (Tr. 1-6). Plaintiff filed this action on June 4, 2013, and the parties' motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and to whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined substantial evidence "as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact

to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. DISCUSSION[1]

The question before the ALJ was whether Plaintiff was "disabled," as defined for Social Security purposes, between October 7, 2008 and the date of the decision.[2] The Social Security

---

[1] Rather than separately set forth the facts in this chase, the Court has incorporated the relevant facts into its legal analysis.
[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Administration has established a five-step sequential evaluation process for determining if a person is disabled. C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the ALJ determined that Plaintiff was not disabled under the fifth step in the above evaluation process. (Tr. 47). Particularly, the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. 46).

On appeal, Plaintiff makes the following assignments of error: (1) the ALJ failed to properly weigh certain medical opinion evidence; (2) the ALJ erred in assessing Plaintiff's credibility; (3) the ALJ erred by asking the Vocational Expert ("V.E.") an incomplete hypothetical question; and (4) the ALJ erred by failing to consider Plaintiff's favorable North Carolina Medicaid decision. (Doc. No. 10).

**A. The ALJ properly weighed medical opinion evidence.**

Plaintiff contends that the ALJ's RFC determination is unsupported by substantial evidence because the ALJ erred by affording significant weight to the opinions of the state agency medical consultants, by affording significant weight to consultative examiner Dr. Stephen Burgess, and by failing to consider and weigh evidence and opinions of Plaintiff's treating physicians.

First, Plaintiff asserts that the ALJ erred by affording significant weight to the opinions of Dr. E. Woods and Dr. Robert Gardner, state agency medical consultants. Plaintiff contends that this was an error because they offered their opinions in July of 2009 and October of 2010, respectively, and therefore, these opinions did not take into account Plaintiff's treatment record from the subsequent two years before the ALJ's decision. Contrary to Plaintiff's assertion, "[t]he fact that the state agency physician[s] did not have access to the entire evidentiary record – because the record was incomplete at the time of the assessment – is inconsequential" as long as the ALJ considers the entire evidentiary record and substantial evidence supports the determination. Thacker v. Astrue, No. 3:11-CV-246, 2011 U.S. Dist. LEXIS 152844, at *18-19 (W.D.N.C. Nov. 28, 2011), at *6. "After carefully consideration of the entire record," (Tr. 31), the ALJ found that Dr. Woods's and Dr. Gardner's opinions were consistent with the weight of the evidence and the evidence did not support any limitation greater than medium work recommended by Dr. Woods and Dr. Gardner. (Tr. 39). Upon review the Court agrees with these findings by the ALJ. Thus, the ALJ did not err in affording significant weight to the opinions of the state agency medical consultants.

Plaintiff next asserts that the ALJ's reliance on Dr. Burgess's opinion was vague and resulted in the ALJ substituting his own opinion. However, the administrative findings that are dispositive of a case are reserved to the ALJ. See 20 C.F.R. § 404.1527. "The RFC finding is an administrative determination reserved to the ALJ." Thacker, 2011 U.S. Dist. LEXIS 152844, at *18. No "super evaluator, a single physician who gives the fact finder an overview of the entire case," is required for the ALJ to make a finding; the ALJ can "piece together the relevant medical facts from the finding and opinions of multiple physicians." Id. at *18-19.

Dr. Burgess's opinion details Plaintiff's "ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying, traveling, pushing and pulling heavy objects as well as the ability to hear or speak appears to be moderately impaired" and describes his findings based on Plaintiff's physical evaluation. (Tr. 629-33). The ALJ gave Dr. Burgess's opinion significant weight, (Tr. 39), and specifically noted the opinion's consistency with the objective medical evidence, (Tr. 40). Because the ALJ properly considered and weighed Dr. Burgess's opinion along with other opinions and evidence in the record to determine Plaintiff's RFC, and the Court finds that substantial evidence supports the ALJ's determination, the ALJ did not err in weighing the consultative examiner's opinion.

Third, Plaintiff claims that the ALJ failed to consider and weigh the evidence and opinions of Plaintiff's treating physicians: Dr. Susan Fredriksen, Plaintiff's psychiatrist; Dr. Ryan Slechta, Plaintiff's Orthopaedic Surgeon; Dr. Richard Lytle, Plaintiff's Neurosurgeon; and Keith Plotts, Plaintiff's Family Nurse Practitioner. However, Plaintiff does not cite any medical opinions from these sources. Upon review the Court has not found a medical opinion from any of

6

these sources. The record only contains treatment notes from these sources, which along with all of the other evidence, the ALJ considered. (Tr. 20, 31).

Fourth, Plaintiff claims that the ALJ failed to properly consider the mental limitations stated by Dr. Karen Marcus, a consultative examiner. (Doc. No. 10). Plaintiff improperly asserts this as an error under step five instead of step four. Substantial evidence supports the ALJ's determination of the Plaintiff's mental RFC and the ALJ's attribution of no weight to Dr. Marcus's opinion. The ALJ found Dr. Marcus's opinion inconsistent with the opinions of Dr. Michelle Mock, (Tr. 624-28), Dr. Banu Krishnamurthy, (Tr. 505), and Dr. John J. Parsley, (Tr. 118-119); and with evidence in the record of socializing, (Tr. 625), cleaning, (Tr. 311, 360-61), caring for pets, (Tr. 311), working part time, (Tr. 348-49, 564, 630), and renting out a mobile home, (Tr. 99). Additionally, Dr. Carlos Kroneberger testified that he did not agree with Dr. Marcus' assessment, MMPI-2 findings, and method of evaluation, which deviated from protocol. (Tr. 73-76, 707-08). Thus, the ALJ did not err in his consideration of Dr. Marcus's opinion.

**B. The ALJ did not err in assessing the Plaintiff's credibility.**

Plaintiff claims that the ALJ erred in assessing the required factors in determining Plaintiff's credibility. When reviewing the ALJ's credibility determination, the Court does not determine whether Plaintiff's testimony was fully credible but rather must determine whether the credibility determination of the ALJ is supported by substantial evidence. <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).

In assessing a claimant's statements of pain and other symptoms, the ALJ must apply the two-step analysis from <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be

expected to produce claimant's symptoms. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. If the first step is met, then the ALJ must evaluate the intensity and persistence of pain, as well as the extent to which complaint's symptoms and pain impact her ability to work. Id. In this second step, the credibility evaluation "requires the ALJ to determine the degree to which claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between claimant's statements and the rest of the evidence." Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2009). This evaluation takes into account all available evidence, including claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996). In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of claimant's pain and symptoms; (3) factors that predicate or aggravate claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605.

The ALJ is not required to discuss each factor enumerated in 20 C.F.R § 404.1529(c); rather the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and

to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.

Here, the ALJ applied the two part process in assessing Plaintiff's statements, regarding her symptoms. The ALJ first determined Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 31). The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual function capacity assessment." Id.

In making this determination the ALJ reviewed the medical record, treatment history, and other evidence in the record. The ALJ provided detailed and specific reasoning for why he found Plaintiff's testimony not full credible. (Tr. 33-35). Specifically, the ALJ cited the inconsistences in Plaintiff's statements on the record and her testimony at the hearing regarding her use of marijuana, work activity in 2009, hepatitis C activity, back pain, and mental impairment, including bipolar disorder. (Tr. 34-35). For example, although Plaintiff testified that she suffers from severe and disabling back pain, the ALJ noted both straight leg tests revealed negative results, (Tr. 488, 657-58), and a MRI showed only moderate disc degeneration and no localized disc herniation or impingement at any level. (Tr. 578, 680).

Because (1) it is clear from the record that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and (2) the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence, the Court finds that the ALJ did not err in determining Plaintiff's credibility.

**C. The ALJ did not ask the V.E. an incomplete hypothetical question.**

Plaintiff next claims the ALJ erred by asking the V.E. an incomplete hypothetical question. A court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through applicable legal standards.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). Hence, "a hypothetical question is unimpeachable if it 'adequately reflect[s]' a residual functional capacity for which the ALJ had sufficient evidence." Fisher v. Barnhart, 181 Fed. Appx. 359, 363 (4th Cir. 2006) (quoting Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005)).

The Court finds this claim an improper attempt to reargue and reassert the RFC and credibility errors. Having concluded that the RFC and credibility determination are supported by substantial evidence and based upon consideration of all evidence in the record, the Court rejects this assignment of error.

**D. The ALJ's failure to explicitly reference the prior Medicaid decision is not a reversible error in this case.**

Finally, Plaintiff contends that the ALJ's failure to discuss and consider North Carolina's Medicaid decision in favor of Plaintiff amounts to more than a harmless error. While decisions of another "government entity" are not binding, the disability determination by a state agency is entitled to consideration by the Commissioner. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). The ALJ's failure to explicitly reference the prior Medicaid decision is a harmless error because the ALJ considered all relevant evidence, including the evidence considered by the state officer. See Cucumber v. Colvin, No. 1:12-CV-00292, 2013 U.S. Dist. LEXIS 117926, at *12-13 (W.D.N.C. Aug. 20, 2013). Because the ALJ thoroughly analyzed the available medical opinions, a more robust compliance with SSR 06-03p in explaining why the ALJ disagreed with

the previous opinion would not have changed the ALJ's ultimate decision. Bradshaw v. Astrue, No. 2:08-CV-033, 2011 U.S. Dist. LEXIS 105096, at *22-23 (W.D.N.C. Sept. 15, 2011).

Here, Plaintiff claims that the ALJ's failure to articulate consideration of North Carolina's Medicaid decision in 2010 amounts to more than a harmless error. However, because the ALJ carefully considered all evidence and specifically stated that the "undersigned has also considered opinion evidence in accordance with the requirements of… SSRs 06-03p," (Tr. 31), the omission of explicitly referencing the Medicaid decisions by the ALJ is a harmless error. A more robust compliance with SSR 06-03p would not have changed the ALJ's ultimate decision. Thus, the ALJ's failure to explicitly refer to the state officer's findings is not a reversible error in the present case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is DENIED, Defendant's Motion for Summary Judgment, (Doc. No. 11), is GRANTED, and the ALJ's decision is AFFIRMED. The Clerk's Office is direct to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: May 29, 2014

Frank D. Whitney
Chief United States District Judge